IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 19-10775-KHK |
| Carlos Alberto Turriate, | ) Chapter 7 |
| | ) |
| Debtor. | ) |

## APPLICATION TO EMPLOY REAL ESTATE AGENT AND BROKER

Kevin R. McCarthy, Trustee ("Applicant" or "Trustee"), the duly appointed Chapter 7 trustee for Carlos Alberto Turriate ("Debtor"), by and through the undersigned proposed counsel, pursuant to 11 U.S.C. §327 and Bankruptcy Rule 2014, respectfully files his Application seeking approval to employ Stephen Karbelk ("Karbelk") (supported by Stephanie Young and Robert Walters) as the real estate agent and team leader of RealMarkets ("Agent") and Agent's affiliated broker, Century 21 New Millennium ("Century 21" or "Broker"), as the Trustee's real estate agent and broker, respectively, for the purpose of marketing and selling certain real property more particularly described below, and in support thereof states as follows:

1.      On March 12, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, U.S.C. §101 et seq. (the "Bankruptcy Code"), thereby commencing the above-captioned case. Applicant is the duly appointed and qualified trustee herein.

Robert M. Marino, Esq. (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 684-2000
703-684-5109 (fax)
rmmarino@rpb-law.com
Proposed Counsel for Kevin R. McCarthy, Trustee

2. On the Petition Date, the Debtor was the sole owner of improved residential real property located at 626 Springhouse Square SE, Leesburg, Loudoun County, Virginia 20175, Tax Map No. 48-Z17-47, with a legal description of Section14 Lot 47 Tavistock Farms (the "Property"). The Property is improved by a townhome.

3. In order to market and administer the Property for maximum benefit to the estate and its creditors, it is necessary to employ the services of a licensed real estate agent and broker.

4. Based on the foregoing, the Trustee desires to employ Agent and Broker to procure and submit to the Trustee offers to purchase the Property. If the Property is contracted to be sold, Broker shall have earned a brokerage fee, subject to Court approval and conditioned and payable upon the closing of the sale. The brokerage fee will be six percent (6.0 %) ("Brokerage Fee") of the purchase price if there is no other broker involved in the transaction. If a buyer's agent is involved, the Brokerage Fee would split evenly between the Broker and the buyer's agent. The Broker is expressly prohibited from acting as a designated or dual agent in this case. Payment of the Brokerage Fee and any reimbursable costs shall only be made upon further order of the Bankruptcy Court.

5. Karbelk has considerable experience and expertise as a real estate agent and auctioneer in the Northern Virginia market where the Property is located and will provide valuable assistance in facilitating a sale of the Property. The Trustee therefore submits that the retention of Agent and Broker, under the terms described herein, is appropriate under Section 327 of the Bankruptcy Code.

6. In order to facilitate the sale of the Property under these circumstances, the Trustee further requests that the Court authorize Agent and its employees to request and obtain verbal and written payoff statements, payment histories, and related information and documents from any secured creditor in this case, including (i) Seterus, Inc., and (ii) DiTech Financial, LLC (collectively,

the "Secured Creditors"), and to provide such documents as may be reasonably requested by the Secured Creditors in connection with any sale. Additionally, the Trustee request that Agent and its employees be expressly authorized to communicate with the Secured Creditors for the purpose of negotiating and finalizing the terms and conditions under which the Property might be sold free and clear of their existing liens.

7. Agent is authorized, if necessary, to put all utility accounts, including the electric, gas, water and sewer accounts, into the name of Stephen Karbelk or RealMarkets, as Agent for the Trustee. The Agent shall not be responsible for paying past due amounts that were incurred prior to the petition date of the bankruptcy filing. Subject to a further order and approval of the Court, Karbelk shall be reimbursed for all utility expenses upon the sale of the Property.

8. The Agent whom the Trustee proposes to employ has been informed and understands that no sale may be consummated until after notice and a hearing and with Court approval.

9. In addition, to the extent that the Trustee pursues an alternative disposition of the Property, including a sale of the available equity to the Debtor, the Trustee seeks authority to employ the Agent at the rate of $175/hour to advise the Trustee concerning the value of the Property. In the event he deems it advisable, the Trustee will seek this Court's approval for payment of compensation to the Broker for the value of the Agent's time in assisting the Trustee.

10. The Trustee believes that the employment of the Agent and Broker on the terms and conditions provided for herein is in the best interest of the estate.

11. To the best of the Debtor's knowledge, Agent and Broker have no connection with the Debtor, its creditors or any other party-in-interest in this case, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except that Karbelk has a familial connection with members of a law firm that generally

represent the homeowner's association where the Property is located, all as described in the *Declaration of Stephen Karbelk,* which is filed herewith on behalf of Agent and Broker. The Trustee believes that Agent and Broker are disinterested persons as that term is defined in section 101(14) of the Bankruptcy Code and satisfy all the requirements for employment as a real estate agent and real estate broker under 11 U.S.C. §327(a).

WHEREFORE, the Trustee respectfully requests the entry of an Order authorizing the employment of the Agent and Broker as the real estate agent and real estate broker in this case under the terms described hereinabove and for such further relief as the Court deems just and proper.

Dated:  April 9, 2019                    Respectfully submitted,

/s/Robert M. Marino
Robert M. Marino, Esq. (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 684-2000
703-684-5109 (fax)
rmmarino@rpb-law.com
Proposed Counsel for Kevin R. McCarthy, Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of April, 2019, a true copy of the foregoing Application was sent via email to the Office of the U.S. Trustee at ustpregion04.ax.ecf@usdoj.gov, and via Notice of Electronic Filing to Counsel to Debtor and all registered users in this case pursuant to this Court's CM/ECF policy.

/s/ Robert M. Marino
Robert M. Marino